# SUPREME COURT OF THE UNITED STATES

### BRIDGE AINA LE'A, LLC *v.* HAWAII LAND USE COMMISSION

#### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 20–54.   Decided February 22, 2021

The petition for a writ of certiorari is denied.

JUSTICE THOMAS, dissenting from the denial of certiorari.

I recently explained that "it would be desirable for us to take a fresh look at our regulatory takings jurisprudence, to see whether it can be grounded in the original public meaning of the Takings Clause of the Fifth Amendment or the Privileges or Immunities Clause of the Fourteenth Amendment." *Murr* v. *Wisconsin*, 582 U. S. \_\_\_, \_\_\_ (2017) (dissenting opinion) (slip op., at 1).

Our current regulatory takings jurisprudence leaves much to be desired. A regulation effects a taking, we have said, whenever it "goes too far." *Pennsylvania Coal Co.* v. *Mahon*, 260 U. S. 393, 415 (1922). This occurs categorically whenever a regulation requires a physical intrusion, *Loretto* v. *Teleprompter Manhattan CATV Corp.*, 458 U. S. 419 (1982), or leaves land "without economically beneficial or productive options for its use," *Lucas* v. *South Carolina Coastal Council*, 505 U. S. 1003, 1018 (1992). But such cases are exceedingly rare. See, *e.g.,* Brown & Merriam, On the Twenty-Fifth Anniversary of *Lucas*: Making or Breaking the Takings Claim, 102 Iowa L. Rev. 1847, 1849–1850 (2017) (noting that in more than 1,700 cases over a 25-year period, there were only 27 successful takings claims under *Lucas*—a success rate of just 1.6%). For all other regulatory takings claims, the Court has "generally eschewed any set formula for determining how far is too far," requiring lower

courts instead "to engage in essentially ad hoc, factual in-quiries." *Tahoe-Sierra Preservation Council, Inc.* v. *Tahoe Regional Planning Agency*, 535 U. S. 302, 326 (2002) (inter-nal quotation marks omitted). Factors might include (1) "[t]he economic impact of the regulation on the claimant," (2) "the extent to which the regulation has interfered with distinct investment-backed expectations," and (3) "the char-acter of the governmental action." *Penn Central Transp. Co.* v. *New York City*, 438 U. S. 104, 124 (1978); see also *Lingle* v. *Chevron U. S. A. Inc.*, 544 U. S. 528, 538–539 (2005). But courts must also "'weig[h] . . . all the relevant circumstances.'" *Tahoe-Sierra Pres. Council*, 535 U. S., at 322. As one might imagine, nobody—not States, not prop-erty owners, not courts, nor juries—has any idea how to ap-ply this standardless standard.

This case illustrates the point. After an 8-day trial and with the benefit of jury instructions endorsed by both par-ties, the jury found a taking. The District Court, in turn, concluded that there was an adequate factual basis for this verdict. But the Ninth Circuit on appeal reweighed and reevaluated the same facts under the same legal tests to conclude that *no reasonable jury* could have found a taking. These starkly different outcomes based on the application of the same law indicate that we have still not provided courts with a "workable standard." Pomeroy, *Penn Central* After 35 Years: A Three Part Balancing Test or One Strike Rule? 22 Fed. Cir. B. J. 677, 678 (2013). The current doc-trine is "so vague and indeterminate that it invites unprin-cipled, subjective decision making" dependent upon the de-cisionmaker. Echeverria, Is the *Penn Central* Three-Factor Test Ready for History's Dustbin? 52 Land Use L. & Zon. Dig. 3, 7 (2000); see also Eagle, The Four-Factor *Penn Cen-tral* Regulatory Takings Test, 118 Pa. St. L. Rev. 601, 602 (2014) ("[T]he doctrine has become a compilation of moving parts that are neither individually coherent nor collectively compatible"). A know-it-when-you-see-it test is no good if

one court sees it and another does not.

Next year will mark a "century since *Mahon*," during which this "Court for the most part has refrained from" providing "definitive rules." *Murr*, 582 U. S., at ___ (slip op., at 7). It is time to give more than just "some, but not too specific, guidance." *Palazzolo* v. *Rhode Island*, 533 U. S. 606, 617 (2001). If there is no such thing as a regulatory taking, we should say so. And if there is, we should make clear when one occurs.

I respectfully dissent.